## J. W. LAWTON v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 9, 1900.)

1. CRIMINAL LAW—*Indictment—Essential Element.* Where the statute creates and defines a crime, an indictment or information which does not allege all the essential elements constituting such offense, is insufficient.

2. LIBEL—*Information for—Insufficient—Rule Applied.* Where an information for libel drawn under section 1, chapter 33, of the Session Laws of 1895, charges that the defendant, "did unlawfully and maliciously print and publish and cause to be printed and published a false, scandalous and malicious libel of and concerning one, George T. Dulany, and to his injury, by printing," * * (and then setting out in full the alleged libelous article,) and "that the intention of the defendant was to vilify, slander and injure him, the said George T. Dulany, in the country;" *Held,* that it fails to state facts sufficient to constitute a public offense.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before John C. Tarsney, District Judge.*

*J. A. Smith,* for plaintiff in error.

No briefs for defendant in error.

Opinion of the court by

HAINER, J.:    The appellant, J. W. Lawton, was prosecuted by information in the district court of Custer county, upon the charge of libel. The defendant was found guilty as charged in the information, and fined $25 and costs. A demurrer was interposed to the information, which was overruled and exception reserved. A motion in arrest of judgment was also duly presented after

conviction, which was overruled, and exception reserved by the defendant.

The first error presented by the record, and urged by counsel for the appellant, is that the information fails to state facts sufficient to constitute a public offense under the laws of this Territory.

The information is as follows, (omitting caption):

"In the name and by the authority of the Territory of Oklahoma, now comes J. P. Shive, county attorney, in and for the Territory and county aforesaid, and gives the court to know and be informed that John W. Lawton and Frank Fillmore, late of the county of Custer and Territory of Oklahoma, on the 21st day of January, in the year of our Lord A. D. one thousand eight hundred and ninety eight, at and within the said county and Territory, did then and there unlawfully and maliciously print and publish and cause to be printed and published a false, scandalous and malicious libel of and concerning one George T. Dulany, and to his injury, by printing in the 'Arapahoe Bee,' a weekly newspaper of general circulation, by them at the time owned, and printed, and published by said defendants, for general circulation, a certain printed article in the manner and form to-wit: *   * [Here the information sets out in full the alleged libelous article.]   *   *   The import and tenor of which was so falsely and maliciously printed and published as aforesaid as to charge him, George T. Dulany, with the crime of burning the court house of said county aforesaid, and having combined with others to burn, or cause to be burned, the court house, and thus destroy the records, and to charge him, the said Geo. T. Dulany, with conspiring with others to commit perjury, and prevent justice by accusing innocent men with crime by their false testimony, all of which words and tenor of which words were false, as defendants well knew. That the intention of the defendants was to vilify, slander and injury him, the said George T. Dulany, in the country, nor was any of said

words printed in any privileged communication; contrary
to the form of the statute in such case made and provided,
and against the peace and dignity of the Territory of
Oklahoma."

The defendant was prosecuted under section 1, chapter
33, of the Session Laws of 1895, which reads as follows:

"Libel is a false or malicious unprivileged publication
by writing, printing, picture, or effigy, or other fixed rep-
resention to the eye, which exposes any person to public
hatred, contempt, ridicule or obloquy, or which tends to
deprive him of public confidence, or to injure him in his
occupation, or any malicious publication as aforesaid,
designed to blacken or vilify the memory of one who is
dead, and tending to scandalize his surviving relatives
or friends .

The law is well settled that where a statute creates
and defines a crime, an indictment or information which
does not allege all the essential elements constituting
such offense, is insufficient. In some jurisdictions it has
been held  that it is not necessary to define the offense
in the exact language of the statute, but that words of
equivalent import are sufficient. We think the safer
and better practice to pursue is to follow the exact lan-
guage of the statute, because it is not likely that more
appropriate language can be used to convey the mean-
ing of the legislature than the words which the legisla-
ture itself used at the time the law was enacted. How-
ever, all the courts hold that it is necessary to allege,
in the indictment or information, every essential element
of the crime, and that an indictment or information
which fails to do so is bad.

In *Young v. Territory*, 8 Okla. 525, Chief Justice Bur-
ford, in discussing this subject, said:

"Old forms, technical words, useless phraseology, and repetition may be dispensed with, but the indictment must contain 'a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.' (Section 5068, of the Statutes of 1893,) 'The indictment must be direct and certain as it regards: First. The party charged. Second. The offense charged. Third. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense.' (Section 5069, *Id.*) These provisions of our statute require a statement of the *acts constituting the offense*."

In *Slover v. Territory,* 5 Okla. 506, 49 Pac. 1009, this court laid down the following rule:

"In criminal cases the accused 'has the constitutional right to 'be informed of the nature and cause of the accusation against him.' The indictment must set forth the offense with clearness, and all necessary certainty to apprise the accused of the crime of which he stands charged, and every ingredient of which the offense is composed must be accurately and clearly alleged. The indictment must furnish the accused with such a description of the charge as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, and also to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to sustain a conviction, should one be had."

The material averments in the information in this case are as follows: "That the defendant did unlawfully and maliciously print and publish and cause to be printed and published a false, scandalous and malicious libel of and concerning one, George T. Dulany, and to his injury, by printing," (setting forth in full the alleged libelous article.)

It will be seen that the information does not charge that the said publication did "expose" him, the said George T. Dulany, "to public hatred, contempt, ridicule or obloquy," or tend "to deprive him of public confidence, or to injure him in his occupation." None of these essential elements of the offense are charged as required by the statute, nor is any language used which imports the same meaning.

While the information in this case charges that the published article was false, scandalous, and malicious, it fails to contain any of the other essential elements of the offense, as defined in the statute. The information does not inform the defendant of the specific act or acts against which he is to defend himself, and is therefore insufficient.

The judgment of the district court is therefore reversed, and the cause remanded with directions to sustain the demurrer to the information, and discharge the defendant.

Irwin, J., not sitting; all of the other Justices concurring.