R. L. KENNERLY, SHERIFF, *Plaintiff in Error,* v. JAMES J. HENNESSY, *Defendant in Error.*

Opinion Filed October 29, 1914.

A criminal prosecution for libel is warranted only when the alleged libel affects the public, as when it corrupts the public morals or incites to violations of the criminal law, or when the necessary or natural effect of the alleged publication is to cause an injury to a person or persons of such a nature and extent as to render a breach of the peace imminent or probable.

Writ of error to Circuit Court for Putnam County; James T. Wills, Judge.

Judgment affirmed.

*Geo. W. Bassett, Jr.,* for Plaintiff in Error;

*J. V. Walton,* for Defendant in Error.

WHITFIELD, J.—On a preliminary hearing before a committing magistrate it was charged that Hennessy wilfully, unlawfully and maliciously devising and intending to injure the credit, fame and financial standing of a designated corporation (engaged in selling lands) and its president, did write and publish of and concerning said company and its president a false, scandalous and malicious libel in the form of a letter addressed to an individual in which it was stated that "I am hot on Sieg's (the president's) trail, and am getting up some facts and evidence which will do the work this time.   *   *   *   I am depending on your honor as a man, and I hope you won't betray this confidence by letting the company know about it. The company is insolvent.  I am sure of that, and I want

to get a receiver appointed for the protection of all the poor people who put in their hard earned cash. * * * I want to make public some facts * * * and I want you to * * * help me if you can, (giving particulars) * * * I would come down and see you, but that would arouse too much curiosity, so I hope you will do what you can to help the thousands of poor victims."

The defendant was required to give bail for his appearance before the circuit court, and failing to do so, was committed to the custody of the sheriff. In habeas corpus proceedings the accused was discharged from custody and the sheriff was allowed and took a writ of error under the statute. Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436.

The statutes of this State do not define libel, but Section 3256 of the General Statutes provides that "any person convicted of the publication of a libel shall be punished by imprisonment not exceeding one year, or by fine not exceeding one thousand dollars."

Section 3194 of the General Statutes enacts that "the common law of Englad in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this State when there is no existing provision by statute on the subject."

At common law a criminal prosecution for libel is warranted only when the alleged libel affects the public, as when it corrupts the public morals or incites to violations of the criminal law or when the necessary or natural effect of the alleged publication is to cause an injury to a person or persons of such a nature and extent as to render a breach of the peace imminent or probable. See Odgers on Libel and Slander (5th Ed.) 455, 803; Rex v. Topham, 4 T. R. 126; 1 Hawk. P. C. Chap. 28, Secs. 3, 7; 2 Bishop New Crim. Law, Secs. 907-9; 1 Bishop New Crim.

Law, Sec. 540; 2 Clark & Marshall on Crimes, 1013; 1 Russell on Crimes, 1022.

The particular letter here complained of does not appear to be reasonably calculated to defame any one, or to provoke a disturbance of the peace of the community or to corrupt the public morals. Apparently the letter ordinarily would not cause to any individual an injury of such a nature and extent as to excite violations of the criminal laws or to render a breach of the peace imminent or probable. Such a letter would not ordinarily or naturally defame any one or expose any one to public hatred, contempt or ridicule. In such cases as this the law regards the civil remedy as sufficient.

The alleged libel in this case, in its character and natural effect, is wholly diffrent from those in Eldridge v. State, 27 Fla. 162, 9 South. Rep. 448, and Comm. v. Clap, 4 Mass. 163, 3 Am. Dec. 212, and People v. Ritchie, 12 Utah 180, 42 Pac. Rep. 209.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent, by reason of illness in his family.