## HOWARD A. TUCKER v. STATE.

No. A-5806.   Opinion Filed March 9, 1929.
(275 Pac. 382.)

J. I. Howard, A. M. Beets, and O. K. Wetzel, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of criminal libel and his punishment fixed at a fine of $100.

The information, in substance, is that at the time charged defendant was the editor of The Record; that he did wrongfully and maliciously publish an article in said paper concerning one Warren K. Snyder, which is set out in full, which is, in substance and effect, that said Snyder was an attorney at law, and, as such, had agreed to accept employment from defendant and said paper in certain lawsuits threatened against them, and had entered his appearance in court and announced that he would defend The Record's side of the case, and that thereafter he accepted a fee from the other side to bring suit against The Record, and turned traitor to defendant and The Record, and, for that reason, was subject to prosecution and trial for disbarment from further appearing in all courts of record; that defendant published the article with intent to expose said Snyder to public contempt, ridicule, and obloquy; that same was false and untrue and was intended to deprive said Snyder of public confidence and injure him in his occupation as a practicing attorney.

Under his first assignment defendant contends that, in order to constitute a criminal libel, the publication must be a false and malicious publication which tends to cause disorder, riot, or breach of the peace, likely to

stir the person libeled to acts of violence—that is, it must affect the public as by corruption of the public morals or inciting to violation of the criminal law—and that the information in this case is insufficient, citing: Palmer v. Concord, 48 N. H. 211, 97 Am. Dec. 605; People v. Eastman, 188 N. Y. 478, 81 N. E. 459, 11 Ann. Cas. 302; Kennerly v. Hennessy, 68 Fla. 138, 66 So. 729, 19 A. L. R. 1468; Crane v. State, 14 Okla. Cr. 30, 166 P. 1110, 19 A. L. R. 1455.

Under our statute the definition of civil libel (section 495, Comp. Stat. 1921) and the definition of criminal libel (section 1800, Comp. Stat. 1921) are identical, and as follows:

"Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead, and tending to scandalize his surviving relatives or friends."

It will be seen that the essential elements of the offense are that the publication be false and malicious, and that it expose the person libeled to public hatred, contempt, ridicule, or obloquy, and this is so whether the libelous publication charges the person libeled with a criminal offense or not. Where a statute defines the offense, it is necessary only that the alleged libelous publication comes within the statutory definition. State v. Elder, 19 N. M. 393, 143 P. 483; State v. Sheridan, 14 Idaho, 222, 93 P. 656, 15 L. R. A. (N. S.) 497; People v. Fuller, 238 Ill. 116, 87 N. E. 336; State v. Hosmer, 72 Or. 57, 142 P. 581. Lawton v. Territory, 9 Okla. 456, 60 P. 93. The Legislature in adopting the same definition as for civil cases in defining the crime of libel placed emphasis on the tendency of the publication to harm the

individual libeled rather than upon its tendency to disturb the public peace. In the instant case the entire trend of the article is a criminal libel. The publication has a tendency to harm the individual libeled and also to incite to a breach of the peace, as it is clear that it charges the person libeled with a breach of duty, as well as of professional ethics and probity, and tends to subject him to public contempt. We are clearly of the opinion that the information is sufficient.

Under the second assignment, it is contended there is not sufficient competent evidence to prove defendant published the libelous article. The proof is not direct that defendant made the publication in question, but circumstances proven so clearly disclose that defendant was the editor and publisher of the paper that we deem it unnecessary to enter into any particular discussion upon this point. It is the same newspaper as that of which defendant had been the editor as shown by the record and shows to have been copyrighted by him. There can be no question about the fact of publication by him. The defendant did not take the stand and offered no testimony. The defendant was fairly tried and the punishment assessed lenient under the circumstances.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.