J. G. COOPER, *Plaintiff in Error*, v. J. H. LIPSCOMB, *Defendant in Error*.

Division A.

Opinion filed April 30, 1929.

*W. D. Bell,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

BROWN, J.—This writ of error was allowed to an order in *habeas corpus* proceedings, which sustained the respondent sheriff's demurrer to the petition for the writ and dismissed the petition at the cost of the petitioner. The writ which had been issued was not quashed or mentioned expressly or referred to in any way, in the order. The petitioner alleged that he was held by the sheriff by virtue of a warrant issued by the County Judge of Charlotte County based upon an affidavit, which affidavit charged that the petitioner, J. G. Cooper, in the County of Charlotte, "did unlawfully have a gun in a breeding ground for game," contrary to the

statute, but without designating the statute. Good pleading would have required that the warrant be set out, or a copy attached as an exhibit, as it was the warrant upon which the arrest was made and the petitioner was held by the sheriff, but we need not go to the extent of holding that this is indispensable in all cases. Church on *Habeas Corpus,* 2nd ed., Sec. 91; Johnson v. Lindsey, 89 Fla. 143, 103 So. R. 419; *Ex parte* Pells, 28 Fla. 67, 9 So. R. 833; Chase v. State, 113 So. R. 103, 93 Fla. 963; Crowns v. Schad, 61 Fla. 168, 40 So. R. 497. For the purposes of this case, we will assume, as counsel on both sides have done, that the warrant, upon the authority of which the petitioner was held in custody, followed the language of the affidavit. The statute, Sec. 8319, Comp. Gen. Laws, says that the affidavit of complaint shall show "an offense against the laws of the State," and the warrant shall state "the nature of the offense." See also Secs. 8433, 8450, Comp. Gen. Laws.

The petitioner alleged that the statute, Chapter 11838, Laws of 1927, was and is unconstitutional upon various grounds. Section 5 of said statute provides that the State Game Commissioner, with the advice and consent of the Governor and of the Wild Life Conservation Commission, has authority to establish game breeding grounds, fresh-water fish hatcheries, etc., and provides for the posting of such grounds and the publication of notice prior to the closing thereof; and Section 8 of said Act provides, among other things, that:

Any person found in or on any State Game Refuge, or breeding ground for game, fresh-water fish, non-game birds or fur-bearing animals, with gun, fishing tackle, traps, nets or other devices for taking game, non-game birds, fresh-water fish or fur-bearing animals shall be guilty of a violation of this Act.

It will be observed that the affidavit did not charge that the breeding ground for game therein referred to had been established under the statute, or by law, so as to make the law, if valid, operate to render criminal the act of the petitioner in having a gun, or ''being found with a gun'' in or on such breeding ground. It is contended by defendant in error that under the authority of *Ex parte* Bailey, 39 Fla. 734, 23 So. R. 552; Lewis v. Nelson, 62 Fla. 71, 56 So. R. 436; 22 Ency. Pledg. & Prac. 1081; Foxworth v. Law, 77 Fla. 596, 82 So. R. 55, and Bell v. Gregory, 89 Fla. 293, 103 So. R. 832, this omission left the affidavit fatally defective, in that the facts alleged constituted no offense under the statute, and that, as was held in the last cited case, where a cause can be disposed of without adjudicating constitutional questions therein, the courts generally ignore such questions and dispose of the case upon other grounds. The only facts alleged in the affidavit were that the petitioner ''did have a gun in a breeding ground for game.'' If the breeding ground had not been established as required by the statute, there could be no offense under the statute in being found with a gun therein. We therefore hold this contention as to the insufficiency of the affidavit and warrant to be well founded. While the offense need only be stated with reasonable certainty (Church *Habeas Corpus,* 277), the facts charged (however inartificially is not material) must constitute a criminal offense of some sort, either at common law or under some statute. If, as here, it wholly fails to charge a criminal offense, the petitioner should be discharged. This makes it unnecessary to pass upon the constitutional questions.

The sheriff demurred to the petition, asserting in his demurrer the constitutionality of the Act under which the affidavit was made and warrant issued. Whether a petition for a writ of *habeas corpus* can ordinarily be attacked by

demurrer is a question (see *Ex parte* Pells, *supra,*) but we. have held that the legal sufficiency of the return may be tested by exceptions raising questions of law. *Ex parte* Amos, 112 So. R. 289, 93 Fla. 5. See also 29 C. J. 148, 153. The same principle might apply to allow a demurrer to the petition where the petition manifestly sets out all the material facts and it appears that the petitioner's right to the writ depends purely upon questions of law. And there was no objection made by the petitioner to the method here adopted to test the sufficiency of the petition.

It might appear inasmuch as the circuit judge did not render any one of the three varieties of judgments provided for in Sec. 5441, Comp. Gen. Laws, being Sec. 3577, Rev. Gen. Stats., that the judgment was not one of such a nature as would warrant writ of error thereto. But Sec. 5444, Comp. Gen. Laws, being Sec. 3580, Rev. Gen. Stats., provides that writ of error shall be granted to any party or person aggrieved by the judgment, and we have held that error will lie from a refusal to grant a writ of *habeas corpus* (*Ex parte* Edwards, 11 Fla. 174), and from an order sustaining a demurrer to the petition and allowing a writ of error, which order did not contemplate an amendment thereto or other proceedings in the same court or before the same judge. State v. Dowling, 107 So. R. 267, 91 Fla. 236. We think therefore that writ of error lies to the order or judgment made in this case.

For the reasons pointed out, the order or judgment of the court below is reversed with directions to enter an order discharging the petitioner from custody.

Reversed.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.