MRS. F. K. SMITH, *Petitioner*, v. J. F. MCCLELLAND, as. Sheriff of Seminole County, Florida, *Respondent*.

Division B.

Opinion filed February 14, 1930.

*Hull, Landis & Whitehair*, for Petitioner;

*Fred H. Davis*, Attorney General, and *John G. Leonardy*, for Respondent.

BUFORD, J.—This case is on return to writ of habeas corpus with exceptions to the return.

The petitioner is restrained of her liberty under a capias issued upon the filing of an information attempting to charge criminal libel in the county court of Seminole County, Florida.

The charging part of the information is as follows:

"BE IT REMEMBERED that John G. Leonardy, prosecuting attorney for the county court of Seminole County, State of Florida, prosecuting for the State of Florida, in the said county, under oath, information makes that Mrs. F. K. Smith, late of the County of Seminole and State of Florida, on the 7th day of October, in the year of our Lord one thousand nine hundred twenty-eight, with force and arms at and in County of Seminole aforesaid did then and there wilfully, unlawfully and maliciously devising and intending to injure Essie Whittle did write and publish of and concerning the said Essie Whittle a false,

364

scandalous, malicious, libel in the form of a letter addressed to Mr. O. H. Page, in which it was stated that:

Sanford, Fla.
Oct. 7, 1928.

Mr. O. H. Page
Dear Sir:

I am writing you in regards Miss Essie Whittle employed in Mr. DeCorsey's office at Sanford. Please give this your personal attention. As Mr. De-Corsey knew her record before he employed her.

I refer you to following firms, Belle Telephone Company, Embezzlement. Mr. McKinnon of Markwood & McKinnon, Sanford, Fla.

Collected money from Telephone employ's for a Xmas present for the manager. Miss Whittle bought present at the Union Pharmacy, Sanford. The firm asked Miss Essie for the bill, but did not receive the bill until the bill was presented to the manager, the one received the present.

Refer you to Baumel's of Sanford, regarding clothes bought after the fire in 1926.

Fire occurred 3 weeks before Miss Essie trial for embezzlement came up.

Also refer you to Steel's Grocery Co. regarding a bill there. Also when the brother was discharged for drinking and the Co. asked for his or R. Glen Whittle's pass it was stated lost, but pass was safe with them but could not turn it in.

Miss Essie went to Mr. L. F. Lodge and asked for credit and stated she worked for the A. C. L. R. R. and received her pay twice a month. She now states the bill turned in to the Co. by Mr. L. F. Lodge is her mother's and not hers. She gave bond and had

her pay released but the lawyers will not go on with the case, and Mr. Lodge needs his money.

She also states when she came back from her vacation that she had sent a money order from Alabama order to cover bill, Mr. Lodge told her to get her receipt and they could then trace it. She states she had left it at her sister's in Alabama, and now refuses to pay the bill. It seems a pity but this young woman's smartness seems to run to things of this kind. And working for the Co. only gives her chances to cheat other people and gives the A. C. L. a black eye for keeping such people, Mr. Lodge has been clean and straight and has given her nearly a year to straighten up this before he did anything about it.

I am sorry to have write you regards this but feel the Company should be protected.

Respectfully,

contrary to the form of the statute in such case made and provided, to the evil example of all others in like case offending, and against the peace and dignity of the State of Florida.''

In Smith v. Chase, 91 Fla. 1044, 109 So. R. 94, this Court in an opinion prepared by Mr. Presiding Justice WHITFIELD, say:

"On habeas corpus proceedings the Court will inquire whether the complaint upon which a defendant is held, or has been convicted, charges a public offense, and when it finds that to the charge preferred no criminality is attached by law, the party imprisoned is entitled to his discharge. *Ex parte* Bailey, 39 Fla. 734, text 735, 23 So. R. 552.

"There is no direct, positive allegation that the writ-

ten statement or representation alleged to have been published is false, or wherein it is false, or how it was published, advertised, or circulated, so as to fairly apprise the accused of 'the nature and cause of the accusation against him' as is required by Section 11 of the Declaration of Rights of the State Constitution; therefore, the information is fatally defective. See Reyes v. State, 34 Fla. 181, 15 So. R. 875; Hamilto v. State, 30 Fla. 229, 11 So. R. 523; Stevens v. State, 18 Fla. 903; Grant v. State, 35 Fla. 581, 17 So. R. 225, 48 Am. St. R. 263.''

In People v. Stark, the circuit court of appeals of New York, speaking through Mr. Justice MAYNARD, reported 32 N. E. R. 1046, held:

''An indictment for libel containing a verbatim statement of the defamatory matter published, but no averment as to the manner of publication, otherwise than by mere speech, or the person or persons to whom it was addressed or by whom it was seen, or that such facts were unknown to the grand jurors, is insufficient, since it does not contain a plain and concise statement of the act constituting the crime.''

Besides the fatal defect of failure to allege facts constituting publication of the alleged libel, the information fails to measure up to the rule enunciated in Kennerly, Sheriff, v. Hennessy, 68 Fla. 138, 66 So. R. 729, as follows:

'' A criminal prosecution for libel is warranted only when the alleged libel affects the public, as when it corrupts the public morals or incites to violations of the criminal law, or when the necessary or natural effect of the alleged publication is to cause an injury

to a person or persons of such a nature and extent as to render a breach of the peace imminent or probable.''

The common law in regard to libel has not been abrogated by statute in this State. The petitioner should be discharged from custody and it is so ordered.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.