WALTER ANNENBERG and PAUL G. JEANS v. D. C. COLEMAN.

163 So. 405.
Opinion Filed October 2, 1935.

**134**

*M. Victor Miller, James M. Carson* and *Miller & Harris,* for Petitioners;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, *Ernest E. Roberts* and *Stafford Caldwell,* for Respondent.

PER CURIAM.—This is a habeas corpus case of original jurisdiction originating in an arrest of petitioners under an information filed in the Criminal Court of Record of Dade County. The information is claimed to be so defective that it charges no crime against the accused, and also because it amounts to an abuse of process by the County Solicitor in an attempt to destroy by a harassing or unwarranted institution of criminal proceedings against the publishers of a newspaper for alleged criminal libel, the free-

dom of the press that is guaranteed by Section 13 of the Bill of Rights set forth in the State Constitution.

On habeas corpus the rule is that when the facts charged in a criminal accusation, however inartificially, do not wholly fail to make out a criminal offense under the laws of this State, and it appears that the court issuing the process upon which accused was arrested had jurisdiction of the defendant's person and the power to issue the criminal process upon which the arrest was made, the custody of the accused under such process cannot in habeas corpus proceeding be adjudged to be unlawful. Williams v. State, 97, Fla. 401, 121 Sou. Rep. 462; Cooper v. Lipscomb, 97 Fla. 668, 122 Sou. Rep. 5.

Section 7189 C. G. L., 5087 R. G. S., denounces the offense of criminal libel as it was understood at common law and prescribes a punishment therefor within the jurisdiction of a Criminal Court of Record to inflict upon conviction, although under Section 13 of the Bill of Rights the common law crime is now subject to the special defense that the truth of the matter charged as constituting the alleged libel may be given in evidence *to the jury,* and if it appear that such matter charged as libellous is true, *and was published for good motives,* the parties accused shall be acquitted or exonerated.

It is not set up in this case that there has been more than this single information filed against these particular defendants. Nor is it issuably pleaded that this is but one of a series of prosecutions deliberately instituted to destroy by the indirect means of bringing repeated and burdensome criminal proceedings, the freedom of the press guaranteed by the Bill of Rights, against which it may be assumed that the courts will extend their protection by appropriate remedies in order to prevent any such abuse of criminal proc-

esses as would be implied in the event of the later contingency.

At common law a criminal prosecution for libel was warranted only when the alleged libel affects the public, as when it corrupts the public morals, or incites to violations of the criminal law, or when the necessary or natural effect of the alleged publication is to cause an injury to a person or persons of such a nature and extent as to render a breach of the peace imminent or probable. Kennerly v. Hennessy, 68 Fla. 138, 66 Sou. Rep. 729, 19 A. L. R. 1458.

Corruption in government is not to be suffered in silence nor are newspapers to be considered as restrained in the free exercise of their constitutional rights to freely criticize public officers and candidates for office, provided always they keep in mind, and observe the limitation of the Constitution, that in so doing they shall accept and be "responsible" for "the abuse of that right." Section 13, Bill of Rights.

Whether a particular publication of libelous character is to be held "an abuse of the constitutional right" of the author to fully and freely speak and write his sentiments on the subject thereof, is not ordinarily to be decided on habeas corpus but by the trial court before which a libel charge is filed, at least in the absence of some showing that the further holding of the accused to answer a charge of libel in the premises would amount to an abuse of process by prostituting the court's criminal jurisdiction to accomplish a design to suppress *in terrorem* the person accused by harassing him with threatened punishment for that which he has the right to do under the Constitution, and so to do without being unjustly made to answer and defend unwarranted criminal charges asserted against him on the basis of his constitutionally exercised rights.

In the present case the information cannot be said to be so wholly defective in its allegations that the Criminal Court of Record would be without the power to have the accused arrested and brought before it on a capias, there to plead to or move to quash such information on legal or constitutional grounds, nor has it been made to appear that the further holding in custody of the accused defendants thereunder would be the giving effect to a plain abuse of the Criminal Court's process of arrest being employed as a means of intimidating the publishers of a newspaper in their efforts to enjoy the constitutionally guaranteed freedom of the press.

Section 4 of the Bill of Rights providing that the Courts of Florida shall always be open, so that every person for any injury done him in his *reputation* shall have remedy by due course of law therefor, must be construed as being of equal force with Section 13 of the Bill of Rights providing that every person may fully speak and write his sentiments on all subjects, being responsible only for the *abuse* of that right and both sections of the Constitution must be given effect. The normal forum for the trial of conflicting claims of right asserted under the foregoing respective constitutional sections is in the *nisi prius* courts, in direct proceedings in habeas corpus.

The prisoners are remanded to the custody from whence they came, thereupon to be produced before the Criminal Court of Record having jurisdiction of the capiases for such further proceedings as may be in keeping with the laws of procedure and the constitutional rights of the parties accused under the process herein attacked.

Prisoners remanded for appropriate proceedings.

WHITFIELD, C. J., and TERRELL, BUFORD, and DAVIS, J. J., concur.

BROWN, J., concurs in the judgment.