JOHN MARTIN, JR., v. STATE.

166 So. 467.
Division B.
Opinion Filed March 3, 1936.

*Ray M. Watson,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—This case brings for review a judgment of conviction in the Criminal Court of Record of Dade County, Florida.

The record shows that the writ of error was sued out more than six months after the entry of judgment. Therefore, under the provisions of Chapter 16302, Acts of 1933, the time had expired in which writ of error may be taken to a judgment of conviction.

We are not prepared to say, however, that this statute applies to a case where the judgment of conviction is void. But, in the present case, the judgment is not attacked upon the ground that it is void.

The charge appears to have been attempted under Section 5115 R. G. S., 7216 C. G. L., but the information entirely fails to charge the felonious intent which is the gravamen of the charge predicated on the provision of that section.

It must be alleged and proved in such cases that the breaking and entering was with the intent to commit a felony.

As the information does not charge the offense for which the defendant could be sentenced for the term of twenty-five (25) years, which was the judgment and sentence of the court in this case, the record shows that he is unlawfully restrained of his liberty.

It appears that the most that could be held to be charged against the defendant in the information is the offense of aggravated assault and, as he was not convicted of that offense, but of another and more serious offense he is entitled on the record to the issuance of a writ of habeas corpus. That the record of a conviction which is unlawful and con-

stitutes no legal basis for the imprisonment may be sufficient as a basis for the issuing of a writ of habeas corpus by this Court cannot be doubted. No formal application for habeas corpus is required. See *Ex Parte* Amos, 93 Fla. 5, 112 Sou. 289; *Ex Parte* Pells, 28 Fla. 67, 9 Sou. 833; Chase v. State, 93 Fla. 963, 113 Sou. 103.

Therefore, for the reasons stated, a writ of habeas corpus addressed to D. C. Coleman, Sheriff of Dade County, Florida, commanding him to produce the body of plaintiff in error, John Martin, Jr., is awarded, said writ to be returnable instanter, the writ to be served on D. C. Coleman, Sheriff, and a copy thereof to be served on Honorable Nathan Mayo, Commissioner of Agriculture of the State of Florida.

Further action on the writ of error will be stayed until further order of this Court.

So ordered.

ELLIS P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.