SINGUM COOPER v. CHARLES L. ROBBINS, as Sheriff, Franklin County.

186 So. 800.
Division B.
Opinion Filed February 24, 1939.

Eldon McLeod and R. Don McLeod, for Petitioner;

George Couper Gibbs, Attorney General, and John L. Graham, Assistant Attorney General, for Respondent.

CHAPMAN, J.—This is a case of original jurisdiction. On petition for a writ of habeas corpus in this Court it was made to appear that Singum Cooper was being unlawfully deprived of his liberty by the Sheriff of Franklin County, Florida, on an affidavit and warrant issued by the Honorable William Sawyer, County Judge of Franklin County, Florida, charging him on the 30th day of October, 1938, in Franklin County, Florida, with the unlawful possession of twelve quarts of alcoholic liquor, without the immediate containers having affixed thereto excise stamps as required by the laws of Florida.

The return as made shows that the petitioner is being held under an affidavit and warrant charging the violation of Section 5 of Chapter 18015, Laws of Florida, Acts of 1937, viz.:

"It shall be unlawful for any person to possess within this State any beverage containing more than 1% of alcohol, as to the sale of which beverage an excise stamp tax is required to be paid, unless the immediate container of such beverage shall have affixed to it the Florida excise liquor stamp required to be affixed thereto. Provided that this section shall not apply to manufacturers or distributors licensed under the Beverage Act of 1935, or to common carriers. Provided, further this Section shall not apply to persons possessing not in excess of one gallon of such beverages, provided the beverage shall have been purchased by said possessor outside of the State of Florida in accordance with the laws of the place where purchased and shall have been brought into this State by said possessor; the burden of proof that such beverages were purchased outside the State and in accordance with the laws of the place where purchased shall in all cases be upon the possessor of such beverages."

Counsel for petitioner contend that Section 5 of Chapter

18015, *supra,* is in contravention of Section 16 of Article III of the Constitution of Florida, and therefore invalid for the reasons, viz.:

"(a) Because the subject of said section, that is, prohibition of the possession of alcoholic beverages by any person without the Florida excise tax stamp on the immediate container thereof, is not comprehended within the title of said Act.

"(b) Because the subject matter of said Section 5 is not sufficiently germane to the title to and general subject matter of said Act to meet with the requirement of Section 16 or Article 3 of the Constitution that each law shall embrace but one subject which subject shall be briefly expressed in the title."

It will be observed that the objections, *supra,* are each directed to the title of the Act, viz.:

"An Act Regulating and Taxing the Manufacture, Distribution and Sale of Beverages Containing More Than One Per Centum of Alcohol by Weight, Amending Sections 7 and 9 of Chapter 16774 of the Acts of 1935, Entitled 'An Act Regulating and Taxing the Manufacture, Distribution and Sale of Beverages Containing More Than One Per Centum of Alcohol, Creating and Providing for a State Beverage Department, Providing Penalties for the Violation of This Act and Repealing Existing Laws Concerning Said Beverages'; Providing for Additional Supervisors of the Beverage Department; Providing for the Expenses of the Beverage Department, Appropriating the Monies Collected Under the Beverage Laws and Providing Penalties for the Violation of This Act."

Counsel for petitioner in their brief contend that the title to the Act is: (a) restrictive; (b) insufficient to place an affected citizen on notice of the purpose of the Act; (c) the subject matter is not germane to the title of the Act:

(d) that each law should embrace but one subject, which should be briefly stated in the title. The following decisions of this Court are cited by counsel to sustain this view: Smi.h v. Chase, 91 Fla. 1044, 109 So. 94; *Ex parte* Sarros, 116 Fla. 86, 156 So. 396; Parker v. Town of Callahan, 115 Fla. 266, 156 So. 334; Albritton v. State, 82 Fla. 20, 89 So. 360; *Ex parte* Knight, 52 Fla. 144, 41 So. 786, 120 Am. St. Rep. 191; Sawyer v. State, 100 Fla. 1603, 132 So. 188; Williams v. Dormany, 99 Fla. 496, 126 So. 117.

The practical objection is that Section 5, *supra*, makes it unlawful for a person in Florida to possess beverages containing more than one per cent of alcohol unless the container of the beverage shall have affixed thereto a Florida excise liquor stamp, and such conduct is a crime under Section 5 and as this statute describes a crime, it is wholly unrelated to or connected with the subject matter of regulating and taxing, the manufacture and distribution of alcoholic beverages. The practice of resorting to stamps to show the payment of excise taxes is not only well established by the laws of many States of the Union, but by the Federal Government. We have not been favored with citation of authorities to show that the practice and procedure are unlawful. It is not contended here that fraud, surprise or deceit was practiced on the Legislature in obtaining the enactment of the statute now before the Court, nor has it been shown that any citizen of Florida has been misled by said enactment. This burden is on the petitioner. It is true that Section 16 of Article III directs that each law enacted by the Legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly expressed in the title.

It appears to us that many of the questions briefed and argued by counsel for the petitioner at the bar of this Court are answered adversely to their contention by this Court in

the case of. State, *ex. rel.* Terry, v. Vestel, 81 Fla. 625, 88 So. .477. . See City of Jacksonville v. Basnett, 20 Fla. 525; Florida E. C. Ry. Co. v. Hazel, 43 Fla. 263, 31 So. 272; State v. Bryan, 50 Fla. 293, 39 So. 929; Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 So. 874; Butler v. Perry, 67 Fla. 405, 66 So. 150; *Ex parte* Pricha, 70 Fla. 265, 70 So. 406; Hinely v. Wilson, 91 Fla. 815, 109 So. 468; *In re* .De Woody, 94 .Fla. 96, 113 So. 677. ·

The petitioner is hereby remanded to the Sheriff of Franklin County, Florida, for further proceedings to be had. in· the County Judge's Court of Franklin County. It is :so ordered. · ,

WHITFIELD; P. J., and BROWN, J., concur.

BUFORD, J., concurs in the opinion and judgment.

BROWN, J., (concurring)—The constitution provides that each law "shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly . expressed in the title." The title shows that the Act relates to the regulation and taxing of the manufacture, distribution and sale of alcoholic beverages. It seems to me that a provision in the Act designed to make its taxing purpose effective is "matter properly connected therewith." The use of stamp taxes in connection with taxing the sale of liquors, tobacco, etc., has so frequently been resorted to that anyone might well be put on notice by this title that stamps might well be provided for in such an Act as an evidence that the tax has been paid. To make such a method of taxing effectual, the matter of making it unlaw-- ful to have in one's possession containers of alcoholic liquors without any stamp thereon showing the payment of the tax, is' germane to the subject and purpose of the Act; and hence "matter properly connected therewith." Nearly all taxing statutes contain provisions reasonably designed

to make them effective. The scope of such statutes in this respect is necessarily broad.

WHITFIELD and BUFORD, J. J., concur.

"JUSTICES TERRELL and THOMAS, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.