D. C. COLEMAN, as Sheriff, v. STATE *ex rel.* TOM WILSON.

190 So. 610
Division A
Opinion Filed July 21, 1939

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Plaintiff in Error;

*J. Herman Swink,* Miami, for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment discharging petitioner in habeas corpus proceedings.

The record shows that petitioner pleaded guilty to a charge in an information as follows:

"Tom Wilson of the County of Dade and State of Florida, on the 13th day of December in the year of our Lord, One Thousand nine hundred and thirty-eight, in the county and State aforesaid, did then and there unlawfully and feloniously have in his possession within the State of Florida a beverage containing more than one per cent (1%) of alcohol. by weight, to-wit: a quantity of moonshine whiskey, a better and more particular description of which is to the County Solicitor unknown on which a Federal excise tax was required to be paid and on which said alcoholic beverage such Federal excise tax had not been paid, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida."

On the plea he was adjudged guilty and sentenced.

The judgment entered on January 30, 1939, is as follows: "It appearing unto this Court that you, Tom Wilson, have pleaded guilty to unlawful possession of alcoholic beverage containing more than 1% of alcohol by weight upon which a Federal excise tax has not been paid,

"It is therefore the judgment of the law and it is hereby adjudged that you are and stand guilty of unlawful possession of alcoholic beverage containing more than 1% of alcohol by weight upon which a Federal excise tax had not been paid.

"It is further considered, ordered and adjudged that the passing of sentence be and the same is hereby suspended

from day to day and term to term until the further order of this court.

"Done and ordered in open court at Miami, Dade County, Florida, this 30th day of January, 1939."

On the 9th day of March, 1939, sentence was imposed as follows:

"It is further considered, ordered and adjudged that you Tom Wilson be imprisoned by confinement at hard labor in the State penitentiary for a term of six (6) months.

"Done and ordered in open court at Miami, Dade County, Florida, this 9th day of March, A. D. 1939."

The court below held that Section 4 of Chapter 18015, Acts of 1937, was not lawfully included in such Act because the title of the Act was not sufficient to have included in the Act the provision of such section and that the inclusion thereof violated Section 16, Article III of our State Constitution.

Section 16, Article III of our Constitution is:

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case, the Act, as revised, or section as amended, shall be re-enacted and published at length."

The title of the Act is:

"AN ACT REGULATING AND TAXING THE MANUFACTURE, DISTRIBUTION AND SALE OF BEVERAGES CONTAINING MORE THAN ONE PER CENTUM OF ALCOHOL BY WEIGHT, Amending Sections 7 and 9 of Chapter 16774 of the Acts of 1935, Entitled 'An Act Regulating and Taxing the Manufacture, Distribution and Sale of Beverages Containing More Than One Per Centum of Alcohol, Creating and Providing for a

State Beverage Department, Providing Penalties for the Violation of This Act and Repealing Existing Laws Concerning Said Beverages': Providing for Additional Supervisors of the Beverage Department: Providing for the Expenses of the Beverage Department: Appropriating the Monies Collected Under the Beverage Laws and Providing Penalties for the Violation of This Act."

Section 4 of the Act provides:

"Section 4. It shall be unlawful for any person to have in his possession within this State any beverage containing more than 1% of alcohol by weight, on which a Federal excise tax is required to be paid, unless such Federal excise tax has been paid as to such beverage."

Section 14 provides:

"Section 14. Unless otherwise provided, the violation of any of the provisions of this Act shall be a misdemeanor and shall be punished as such."

Section 5005 R. G. S., 7104 C. G. L., provides:

"Punishment for misdemeanors where not otherwise provided. The punishment for commission of crimes, other than felonies in this State, when not otherwise provided by statute, or when the penalty provided by such statute is ineffectual because of constitutional provisions, or because the same is otherwise illegal or void, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days, or both, at the discretion of the court."

We hold that the provisions of Section 4 of the Act are matters properly connected with the subject matter of the Act, to-wit: "regulating and taxing the manufacture, distribution and sale of beverages containing more than one per centum of alcohol by weight * * * and providing penalties for the violation of this Act." See Cooper v. Robbins, 186 Sou. 800, and authorities there cited.

It appears, however, that the sentence imposed by the trial court was excessive and not warranted by law as the statute, *supra,* provides punishment as for a misdemeanor.

So the judgment is reversed with directions that petitioner be remanded to the custody of the sheriff and the sheriff be directed to present the petitioner to the Criminal Court of Record of Dade County at the next regular or special term, there to receive sentence according to law on the judgment rendered therein on the 30th day of January, 1939, *supra.*

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.