D. C. Coleman, as Sheriff of Dade County, v. State *ex rel.* Costello Jackson.

193 So. 84
En Banc
Opinion Filed November 28, 1939
On Rehearing January 16, 1940

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Plaintiff in Error; *Rosenhouse & Rosenhouse,* for Defendant in Error.

CHAPMAN, J.—The record in this case discloses that at the February term, 1938, of the Criminal Court of Record of Dade County, Florida, Costello Jackson was informed against in three separate counts by the county solicitor of said county. He was arraigned on said information and entered a plea of guilty as to count one, and counts two and three thereof, on motion of the county solicitor, were by an order of the trial court nolle prossed. The court sentenced the defendant to serve a period of six months at hard labor in the State prison.

Count one of the information is drafted under Section 4 of Chapter 18015, Laws of Florida, Acts of 1937. On March 11, 1939, Costello Jackson filed his petition in the Circuit Court of Dade County, Florida, alleging that he was being unlawfully detained by the Sheriff of Dade County, Florida, and prayed for an order of discharge. The writ

was issued and a return thereof as made by the sheriff was that he held the petitioner under and by virtue of a commitment issued out of the Criminal Court of Record of Dade County, Florida, on the aforesaid judgment of conviction.

Counsel for petitioner moved the court for a discharge from custody on the grounds: (a) That the information is wholly void and does not charge a crime under the laws of Florida; (b) that the information fails to allege the petitioner "knowingly" kept in his possession beverage containing more than 1 per cent of alcohol; (c) that Section 4 of Chapter 18015, Laws of Florida, Acts of 1937, under which count one of the informations is drafted, is unconstitutional and void. The lower court sustained the motion of the petitioner and entered an order discharging him from the custody of D. C. Coleman, as Sheriff of Dade County, Florida, and the State of Florida has obtained a writ of error to said judgment of discharge, perfected an appeal to this Court and the case is here for review.

It is fundamental that habeas corpus is not a remedy for relief against imprisonment under a warrant or indictment that charges a criminal offense defectively or inartificially. See Bass v. Doolittle, 93 Fla. 992, 112 So. 892; *Ex Parte* Garvey, 84 Fla. 539, 94 So. 391; *Ex Parte* Amos, 93 Fla. 5, 112 So. 289; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310.

Likewise it is well established that while habeas corpus is not a remedy against a warrant or indictment that charges a criminal offense defectively or inartificially, yet it may be used as a remedy where the charge made does not constitute a crime under the laws of Florida by reason of the statute under which the charge is made being unconstitutional or when the charge wholly fails to allege a crime. See Lewis v. Nelson, 62 Fla. 71, 56 So. 436; Cooper v. Lipscomb,

97 Fla. 668, 122 So. 5; State *ex rel.* Claire v. Coleman, 129 Fla. 880, 177 So. 288; Martin v. State, 123 Fla. 143, 166 So. 467; State *ex rel.* Cacciatore v. Drumright, 116 Fla. 496, 156 So. 721.

We have carefully examined count one of the information to which the defendant entered a plea of guilty on arraignment in the Criminal Court of Record of Dade County, Florida, and upon which the sentence of conviction is based and called into question. We think there is a substantial compliance with the material provisions of Section 4 of Chapter 18015, Laws of Florida, Acts of 1937, and the count here is not subject to the criticism directed against it. We think the count charges a crime within the meaning of this section.

It is next contended that Section 4 of Chapter 18015, *supra,* is unconstitutional and void under Section 16 of Article III of the Constitution of Florida in that the title of the Act is not broad enough to include Section 4. This Court in the case of Cooper v. Robbins, 136 Fla. 364, 186 So. 800, when considering a similar objection to Section 5 of the same Act, held that the same was not subject to the criticism made. We have observed in the brief of counsel for defendant in error the distinction drawn between the case at bar and our ruling in Cooper v. Robbins, *supra.* We are unable to follow the reasoning offered for the distinction.

It is also contended that Section 4, *supra,* is unconstitutional and count one of the information is fatally defective because it is not charged that the defendant "knowingly" kept in his possession beverage containing more than 1 per cent of alcohol. The statute, *supra,* makes it unlawful to have in his possession within the State of Florida any beverage containing more than 1 per cent of alcohol by weight

on which a federal excise tax is required to be paid, unless such federal excise tax has been paid as to such beverage. It is impossible to construe and give this statute its usual and ordinary meaning and at the same time read into it that a person must "knowingly" possess this beverage before it becomes a crime. This point has been settled adversely to the contention of counsel for defendant in error in Ellison v. State, 100 Fla. 737, 129 So. 887; State v. Hendrickson, 67 Utah 15, 245 Pac. 375, 57 A. L. R. 786, and annotations on page 792.

In the case of Ellison v. State, *supra,* plaintiff in error was charged with having entered into a bigamous marriage. When the case was being tried in the lower court the defendant sought to introduce evidence to establish the fact that his wife told him in the Summer of 1928 that she had secured a divorce and that the plaintiff in error in good faith believed that her statement was true when he entered into this bigamous marriage. This Court held that an honest belief, reasonably entertained that a valid divorce had been granted will *not* constitute a defense to a prosecution for bigamy. See 7 C. J. 1165; 3 R. C. L. 802.

It is within the power of the Legislature to declare an act a crime regardless of the intent or knowledge of the violation thereof. The doing of the act inhibited by the statute makes the crime and moral turpitude or purity of motive and the knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt. The only question to be determined is whether or not the defendant violated the statute. See United States v. Balint, 285 U. S. 250, 66 L. Ed. 604, 42 Sup. Ct. 301; 14 Am. Jur., par. 16, page 768.

· In the case of People v. Johnson, 288 Ill. 442, 123 N. E. 543, 4 A. L. R. 1553, a statute in the State of Illinois pro-

hibited the changing of the manufacturer's serial numbers on motor vehicles. Knowledge was not made an element of the offense prohibited by statute and for this reason it is claimed that the statute is unconstitutional and void. It was held that the Constitution does not require that *scienter* be a necessary element of any law where an offense is *malam prohibitum.* The court upheld statutes as constitutional without requiring allegation or proof of criminal intent upon the part of the doer and are generally sustained under the police power. Courts likewise have sustained statutes making unlawful the doing of an act without intent or guilty knowledge. See People v. Hatinger, 174 Mich. 333, 140 N. W. 648; see also annotation, 4 A. L. R., page 1538.

For the error apparent on the record the judgment appealed from is hereby reversed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.

### ON PETITION FOR REHEARING

CHAPMAN, J.—On petition for rehearing it is suggested that the sentence imposed upon the petitioner in the Criminal Court of Record of Dade County, Florida, on March 6, 1939, requiring him to serve a period of six months at hard labor in the State prison is not authorized by law. The case of Coleman, Sheriff, v. State *ex rel.* Wilson, 139 Fla. 401, 190 So. 610, limits the sentence for which petitioner was convicted to a fine not exceeding $200.00 or imprisonment not exceeding ninety days, or both, at the discretion of the court. The original opinion entered by the Court in the case at bar reversed the order of the Circuit Court of Dade County, dated March 14, 1939, discharging the petitioner from custody on the theory that the statute under

which the petitioner was informed against, tried, convicted, and sentenced to serve a period of six months at hard labor in the State prison was unconstitutional and void. We held therein that Section 4 of Chapter 18015, Laws of Florida, Acts of 1937, was not only constitutional but a valid statute.

It has been brought to our attention that Chapter 18015, *supra,* fails to include a penalty for punishment of those convicted for its violation, but this Court, in the case of Coleman, Sheriff, v. State *ex rel.* Wilson, *supra,* having fixed the limit of the sentence or punishment, the petitioner is remanded to the custody of the Sheriff of Dade County, Florida, who is hereby directed to present the petitioner to the Criminal Court of Record of Dade County, Florida, at its next regular or special term, there to receive sentence according to law.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.