**EX PARTE: FRANK STODDARD**

34 So. (Snd) 92        January Term, 1948
February 24, 1948        En Banc

*Schad & Snarr,* for petitioner.

*T. E. Duncan,* State Attorney, *J. Tom Watson,* Attorney General, and *D. Fred McMullen,* Assistant Attorney General, for respondent.

CHAPMAN, J.:

It has been made to appear by this record that a warrant issued out of the County Judge's Court of Alachua County, Florida, charging Frank Stoddard with the violation of Section 562.02, F.S.A. The pertinent language of the warrant is, in part, viz: Whereas, Fred Hollomon has this day made oath before me that on the 25th day of September, A. D. 1947, in the County aforesaid (Alachua), one Frank Stoddard being the owner of the 'KIT KAT CLUB,' a licensed place for the selling of beer, did unlawfully permit others to bring on said

premises and consume on said premises, intoxicating liquors not permitted under a beer license, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

In a petition for a writ of habeas corpus presented to the Circuit Court of Alachua County, Florida, Stoddard represented that he was unlawfully restrained and deprived of his liberty in that the affidavit and warrant under which he was then held by the Sheriff of Alachua County (1) failed to charge an offense under the laws of the State of Florida; and (2) Section 562.02, F.S.A., under which the affidavit and warrant were drawn was void and contrary to many provisions of the Constitution of Florida. The trial court heard the petitioner (Stoddard) and entered an order remanding him to the custody of the Sheriff of Alachua County.

Pertinent recitals in the order of remand are viz:

" . . . the court having heard the testimony and the argument of counsel for petitioner and the State, finds as follows:

"1. Petitioner holds a beer license and owns and operates an attractive place of business on the outskirts of Gainesville in Alachua County, Florida, a 'dry' county, where patrons dine and dance.

"2. Petitioner was arrested under a warrant issued September 25, 1947, substantially charging him with having permitted others to possess and drink liquor on said premises, contrary to Section 12, Chapter 23746, Laws of Florida, 1947 (amending Section 562.02, F.S. 1941).

"3. In this proceeding petitioner challenges the legality of his detention upon the ground that said Section of the Beverage Act is unconstitutional. He argues that it is arbitrary, unreasonable and illegally discriminates as between him and the operators of other eating places in Alachua County which are not licensed to sell beer.

"4. The Court is not convinced of the unconstitutionality of said Section of the Beverage Act, so petitioner should be remanded."

From the remand order an appeal has been perfected here, but the evidence referred to in the lower court's order has not

been certified here and our review therefore is limited solely to questions of law authorized by our adjudications. Section 562.02 supra makes it unlawful for a licensee under the Beverage Act to have in his possession at or in his place of business beverages containing more than one per cent of alcohol by weight and is not permitted to be sold by such licensee under Section 561.34, F.S.A. The petitioner contends that Section 562.02 is unreasonable, arbitrary, illegal and in its application discriminates between him and the owners and operators of similar eating places situated in Alachua County and for these several reasons said Section is unconstitutional and void.

It is generally recognized that the sale and possession of intoxicating liquors are in a class by themselves since it is affected with a public interest and the manufacture, sale and possession become lawful only by expressed legislative authority. The petitioner accepted a license to sell beer at his restaurant with a full knowledge of the power of the Legislature to regulate the sale and possession of alcoholic liquors. If he surrendered the license to sell beer in his place of business then much of the potency of his contention as to discrimination would evaporate.

It is within the power of the Legislature to declare an act a crime regardless of the intent or knowledge of the violation thereof. The doing of the act inhibited by the statute makes the crime and moral turpitude on purity of motive and the knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt. The only question to be determined is whether or not the defendant violated the statute. See United States v. Balint, 285 U.S. 250, 66 L. ed. 604, 42 Sup. Ct. 301, 14 Am. Jur. 768, par. 16.

In the case of Coleman v. State ex rel. Jackson, 140 Fla. 772, 193 So. 84, we in part said:

"It is fundamental that habeas corpus is not a remedy for relief against imprisonment under a warrant or indictment that charges a criminal offense defectively or inartificially. See Bass v. Doolittle, 93 Fla. 992, 112 So. 892; Ex Parte Garvey, 84 Fla. 539, 94 So. 391; Ex Parte Amos, 93 Fla. 5, 112

So. 289; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310. Likewise it is well established that while habeas corpus is not a remedy against a warrant or indictment that charges a criminal offense defectively or inartificially, yet it may be used as a remedy where the charge made does not constitute a crime under the laws of Florida by reason of the statute under which the charge is made being unconstitutional or when the charge wholly fails to allege a crime.' See Lewis v. Nelson, 62 Fla. 71, 56 So. 436; Cooper v. Lipscomb, 97 Fla. 668, 122 So. 5; State ex rel. Claire v. Coleman, 129 Fla. 880, 177 So. 288; Martin v. State, 123 Fla. 143, 166 So. 467; State ex rel. Cacciatore v. Drumright, 116 Fla. 496, 156 So. 721."

We are committed to the rule in equity, as well as at law, that every presumption is in favor of the correctness of the ruling of the trial court and it is the duty of the party resorting to this Court to make errors complained of clearly to appear. Moss v. Sperry, 147 Fla. 86, 2 So. (2nd) 123. It is our conclusion that the appellant has failed to carry the burden by law cast upon him and accordingly the judgment appealed from is affirmed.

TERRELL, BUFORD, ADAMS, SEBRING and BARNS, JJ., concur.

THOMAS, C. J., dissents.