199 So.2d 726 (1967)
Howard BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. I-250.
District Court of Appeal of Florida. First District.
June 13, 1967.
Virgil Q. Mayo, Public Defender, and W.L. Bailey, Blountstown, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was charged and convicted of the crime of robbery. The incident giving rise to the crime charged occurred at a temporary fishing camp site at Ocheesee Landing, Calhoun County, Florida. The victim of the robbery was a resident of nearby Jackson County who had sojourned to the Ocheesee Landing area with his friend and a young ward to partake of the fishing which nature has so bountifully provided in that area.
There the victim and his companions had set up a fishing camp. It was at said fishing camp that an altercation occurred between the appellant and the victim which resulted in a pistol being taken at gunpoint by the appellant from the victim. The victim testified that he had never known or seen the appellant before at any time prior to the fracas here involved. Seemingly the appellant was an habitue of the area who was not unknown in the vicinity.
The essential contention of the appellant upon which his case is premised is that the evidence given at the trial was insufficient to sustain the guilty verdict because there was no evidence showing intent to permanently deprive the victim of the property which the appellant took from him at the time of the taking. He suggests that the only evidence introduced as to the taking was that it was done solely for the purpose of disarming the victim during the affray. Appellant's contention ignores the effect of the evidence that after what he now contends was only a temporary taking, he continued to possess the property taken for some six weeks; and it was not until the criminal charges were lodged against him that appellant sought to return the property to its owner.
*727 We agree with appellant's contention that the animus furandi, that is, intent to steal, must be shown to have existed at the time of the taking. We cannot adopt his view, however, that the evidence presented to the jury failed to support the finding of the existence of such requisite intent.
The controlling principle as to the kind of evidence which is determined sufficient to prove the element of intent in a robbery case is found in 77 C.J.S. Robbery § 46d, where it is stated in material part as follows:
"In prosecutions for robbery evidence as to any relevant circumstance is admissible on the issue of intent. * * *
"The prosecution may show criminal intent by evidence of accused's conduct before or after the taking."
In a case not totally dissimilar from the case at bar, the Supreme Court of Alabama in Kennedy v. State, 208 Ala. 66, 93 So. 822, which involved a conviction for robbery of a pistol taken by the defendant from a police officer who had sought to serve a warrant upon the defendant, stated:
"Not the least material circumstance bearing upon defendant's intent when he took the pistol was the fact that he immediately left Hale county carrying the weapon with him; and, according to his testimony, lost the pistol near Cincinnati, Ohio. * * * [T]he fact that accused carried the property away, retained its possession on his flight, was a circumstance, inconclusive, of course, that the jury was entitled to consider in ascertaining whether the taking was defensive, protective, as defendant asserted, or that it was in consequence of a larcenous intent."
It is clear that in the instant case the jury weighed the defendant's exculpatory testimony along with the State's evidence that the defendant retained possession of the property for some time after the taking and until he had been charged and arrested for robbery. From this circumstance, together with all of the evidence, the jury obviously arrived at the belief that the intent to steal was present at the time of the taking. Classically, the question is not whether the reviewing court would have arrived at the same conclusion as did this jury, but rather was there sufficient evidence, including the circumstances of the defendant's conduct after the taking, to sustain the verdict. On that question, we hold affirmatively.
The appellant having failed to demonstrate reversible error, the judgment of conviction is affirmed.
WIGGINTON, Acting C.J., and JOHNSON and SPECTOR, JJ., concur.