PER CURIAM.
The appellant was convicted of (1) possession of barbiturates and (2) using a false address to obtain barbiturates contrary to the provisions of § 404.02, Fla. Stat., F.S.A. The appellant presents two points. The first urges that the State failed to establish a primia facie case because it did not prove affirmatively that appellant obtained the drugs with criminal intent. Without deciding-the question of whether this particular statute requires scienter as a necessary element of the crime [see Coleman v. State ex rel. Jackson, 140 Fla. 772, 193 So. 84 (1940)], we hold that the evidence showed the giving of a false address where appellant did not live and never had lived and this, along with other testimony, established that the appellant knowingly gave a false address.
Appellant’s second point urges that he was denied the right of closing argument. This position has been repeatedly dealt with by the courts of this State who have held that unless the appellant requests closing argument, or objects to its omission, no error is shown. Willoughby v. State, Fla.App.1967, 203 So.2d 10, cf. State v. Jones, Fla.1967, 204 So.2d 515.
Affirmed.