LILES, Judge.
Joseph Ross Stevens appeals his conviction and life sentence for breaking and entering with intent to commit a misdemeanor (assault and battery) and for robbery. We reverse.
From the bizarre facts in this case, it appears that appellant had a friend by the name of Tom Houser who once lived at 2050 Montclair Drive in Sarasota. However, appellant’s friend had moved from the above address and the alleged victim was living there on the night the offenses supposedly occurred. Coincidentally, the victim had a brother whose first name was also “Tom.” At this point the testimony of the victim and appellant conflicts greatly.
The appellant testified that about 5:00 P.M. on the date in question he drove to the above address for the purpose of borrowing some money from Tom Houser, whom he thought was still living there. After arriving at the home he knocked on the door, asked for Tom, and was invited in by the victim. After entering he explained to her the reason for his visit; and after a few moments had elapsed decided to leave when he realized his friend no longer lived there. However, the victim on her own volition gave some money to *541 him and persuaded him to stay for what turned out to be an amorous dalliance. As the evening progressed, the appellant and victim went shopping at a local department store and subsequently drove to a restaurant to eat dinner. While at the restaurant, the victim became “moody” upon learning that appellant would be unable to spend the remainder of the night with her and summoned the Sheriff’s Department who arrested the appellant on the basis of an affidavit charging him with rape. This charge was subsequently dropped when the Grand Jury returned an indictment charging appellant with breaking and entering and robbery.
The victim testified that when the appellant knocked on her door and asked for Tom, she responded (thinking that someone was asking for her brother) that he wás out of town and would not be back until next week. At that point, the appellant entered her home — uninvited—and began to threaten her about some money that “Tom” owed him. The appellant then began to choke her and she states that she gave him some money in hopes that he would leave, but instead the appellant sexually assaulted her. At this point the victim states that she began to encourage the appellant to trust her by talking to him and by bolstering his ego. Eventually, after shopping for some clothes for appellant at a local department store, she was able to persuade him to take her to a local restaurant owned by her father where she was able to slip away and have someone call the police.
After a careful examination of the record in this case, we find that the totality of the evidence presented in the trial court was insufficient to prove the essential elements of both charges. As to the robbery charge, even the testimony of the victim was to the effect that appellant was there for the purpose of collecting a debt. The record is also void of any testimony indicating that appellant ever asked her for money or demanded money from her. We have duly noted the assertions made by the victim to the effect that she gave the money to the appellant after he had been choking her, hoping that this would persuade him to leave. We have likewise noted the absence of any testimony by the state indicating the presence of any marks or bruises on the person of the victim which would help substantiate her claim that appellant had used force in taking the money from her. To warrant a conviction for robbery, it is imperative that the intent to steal exist at the time of taking. Bailey v. State, Fla.App.1967, 199 So.2d 726. The evidence in this case does not indicate that appellant had that requisite intent.
As to the charge of breaking and entering with intent to commit assault and battery, we likewise find that the state has failed to prove that appellant had the required intent. Once again, taking either the testimony of the victim or the appellant, the record indicates that appellant came to the house to either borrow or collect money. The victim had testified that the door to her home was not locked on that night and nowhere in the record is there any evidence which would support a breaking by the appellant into the home of the victim.
For the foregoing reasons, the judgment is therefore reversed and remanded for a new trial.
PIERCE, C. J., concurs.
McNULTY, J., concurs specially.