354 So.2d 1266 (1978)
Warren Mitchell BELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-861.
District Court of Appeal of Florida, Third District.
February 14, 1978.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ronald A. Dion, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Defendant, Warren Mitchell Bell, appeals his conviction for two counts of robbery and two counts of possession of a firearm during commission of a felony.
Bell first contends that the trial court erred in refusing to instruct the jury (1) on specific intent as being an element of the crime of robbery, and (2) on the defense of voluntary intoxication raised at the trial; and further erred in instructing the jurors that the element of intent was irrelevant to their determination of the defendant's guilt.
The dispositive issue hereunder is whether specific intent (i.e. the intent to permanently deprive the owner of property) is still a requisite element of the crime of robbery as now defined by Section 812.13, Florida Statutes (1975) which reads:
"812.13 Robbery
"(1) `Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear."
The law is well established that it is within the power of the legislature to dispense with the element of intent and punish particular acts without regard to the mental attitude of the accused. Coleman v. State, 140 Fla. 772, 193 So. 84 (1939); Ex parte Stoddard, 160 Fla. 188, 34 So.2d 92 (1948). Thus, where a statute denounces the doing of an act as criminal without specifically requiring criminal intent, it is not necessary for the prosecution to prove that the commission of such act was accompanied by criminal intent. It is only when criminal intent is required as an element of *1267 the offense that the question of "guilty knowledge" may become pertinent in the prosecution's case. State v. Medlin, 273 So.2d 394 (Fla. 1973) and 9 Fla.Jur. Criminal Law § 28 (1972) and cases cited therein.
At the common law and under the former robbery statute, Section 813.011, Florida Statutes (1973)[1] and its predecessor, a felonious taking or intent to permanently deprive the owner of his property was an essential element of the offense. Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922); Bailey v. State, 199 So.2d 726 (Fla. 1st DCA 1967).
However, in enacting Section 812.13, Florida Statutes (1975), the legislature omitted the word "felonious" thereby expanding the definition of robbery to include any taking and eliminating the requirement of specific intent. Cf. Traxler v. State, 96 Okla. Cr. 231, 251 P.2d 815 (1952); State v. Thompson, 221 Kan. 165, 558 P.2d 1079, 1086 (1976).
The cases cited to by defendant in support of his argument that specific intent is still a requisite element of robbery are inapplicable because these cases were decided under the former robbery statutes. See e.g. Arnold v. State, 83 So.2d 105 (Fla. 1955); Bailey v. State, 199 So.2d 726 (Fla. 1st DCA 1967), supra; Stevens v. State, 265 So.2d 540 (Fla. 2d DCA 1972). We also conclude that defendant can take no solace in McCloud v. State, 335 So.2d 257 (Fla. 1976) because our Supreme Court was involved there with the issue of force necessary to convert a larceny into a robbery and did not concern itself with the issue of specific intent. Thus, we find that this point of appellant is without merit as robbery is now a general intent offense. See Cirack v. State, 201 So.2d 706 (Fla. 1967).
Defendant secondly argues that the trial court erred in refusing to instruct the jury on the lesser included offenses of larceny and simple assault.
The State confesses error because the information filed in this case specifically states "said property being the subject of larceny" and, therefore, under the holdings in Lomax v. State, 345 So.2d 719 (Fla. 1977) and Abreau v. State, 347 So.2d 819 (Fla. 3d DCA 1977), the refusal to instruct on the lesser included offense of larceny constitutes reversible error. Accordingly, the convictions are reversed and the cause remanded for a new trial.
We further deem it appropriate to certify this decision to the Supreme Court as one involving a question of great public interest, such question being:
Whether specific intent (i.e. the intent to permanently deprive the owner of property) is still a requisite element of the crime of robbery as now defined by Section 812.13, Florida Statutes (1975).
NOTES
[1] "813.011 Robbery defined; penalties.  Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court." [Emphasis supplied]