394 So.2d 979 (1981)
Warren Mitchell BELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 53440.
Supreme Court of Florida.
January 8, 1981.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, Miami, for petitioner.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review a decision of the district court of appeal, Bell v. State, 354 So.2d 1266 (Fla.3d DCA 1978). The district court certified that its decision passed upon a question of great public interest. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The petitioner was convicted of two counts of robbery and on appeal contended that the trial court had erred in refusing to instruct the jury on specific intent as an element of the crime of robbery. The district court held that there was no error in so failing to instruct, since the legislature, by omitting the word "felonious" from the definition of robbery, expanded the definition and eliminated the requirement of a specific intent to deprive the owner of the robbery taken.[1]
The court certified the question, "Whether specific intent (i.e., the intent to permanently deprive the owner of property) is still a requisite element of the crime of robbery as now defined by Section 812.13, Florida Statutes (1975)."
The common law elements of the crime of robbery are a taking, the use of actual or constructive force, the absence of consent on the part of the victim, and the intent to deprive the owner of the property. Williams v. Mayo, 126 Fla. 871, 172 So. 86 (1937); Bryan v. Landis ex rel. Reeve, 106 Fla. 19, 142 So. 650 (1932). The elements of the crime as statutorily defined have traditionally been held to include specific intent, i.e., the intent to steal. Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922); Stevens v. State, 265 So.2d 540 (Fla.2d DCA 1972); Bailey v. State, 199 So.2d 726 (Fla. 1st DCA 1967).
In reaching its conclusion, the district court said, "The law is well established that it is within the power of the legislature to dispense with the element of intent and punish particular acts without regard to the mental attitude of the accused." For this *980 proposition the court cited Ex parte Stoddard, 160 Fla. 188, 34 So.2d 92 (1948) and Coleman v. State ex rel. Jackson, 140 Fla. 772, 193 So. 84 (1939). Both cases dealt with statutory alcoholic beverage law offenses. The court below did not discuss the distinction between such mala prohibita crimes and the common law crimes, sometimes called "infamous" or mala in se.
It is not necessary for us to reach the question of whether the legislature has the power to dispense with specific intent in defining the crime of robbery. We do not believe that the legislature has demonstrated a clear purpose to do so.
In State v. Allen, 362 So.2d 10 (Fla. 1978), this Court considered whether the omission of the word "unlawful" from Florida's theft statute[2] showed a legislative purpose to eliminate specific criminal intent as an element of the offense. Pointing out that larceny had traditionally been held to require specific intent despite the absence of an express statutory directive, we held that no such legislative intent was indicated. We reach the same conclusion here.
We hold that specific intent is still a requisite element of the crime of robbery and answer the certified question in the affirmative. The decision of the district court to the contrary is quashed.
Upon respondent's motion for rehearing, we now also address the district court's decision reversing the conviction on the ground that the trial court committed reversible error in refusing to instruct the jury on the lesser included offense of larceny. Bell v. State, 354 So.2d at 1267. Our review power is not limited to the certified question only. Zirin v. Charles Pfizer & Co., 128 So.2d 594 (Fla. 1961).
The district court, while rejecting petitioner's argument on specific intent which we here sustain, reversed and remanded for a new trial on another point. That other issue was whether it was reversible error for the trial court to refuse to instruct the jury on the lesser included offense of larceny. The opinion of the district court reads:
The State confesses error because the information filed in this case specifically states "said property being the subject of larceny" and, therefore, under the holdings in Lomax v. State, 345 So.2d 719 (Fla. 1977) and Abreau v. State, 347 So.2d 819 (Fla.3d DCA 1977), the refusal to instruct on the lesser included offense of larceny constitutes reversible error. Accordingly, the convictions are reversed and the cause remanded for a new trial.
Bell v. State, 354 So.2d at 1267.
The district court made its ruling without the benefit of this Court's decision in State v. Abreau, 363 So.2d 1063 (Fla. 1978). The determination of whether the refusal to instruct on larceny was reversible error would depend upon an application of that decision to the facts of what transpired in the trial court. Because we hold that a new trial is required due to the trial court's ruling on the question of specific intent, that determination need not be made. We find no fault with the district court's holding that the refusal to instruct on larceny was error; we simply point out that it was not necessarily reversible error. We disapprove the opinion of the district court to the extent of its inconsistency with State v. Abreau, 363 So.2d 1063 (Fla. 1978).
This case is remanded with directions for further trial court proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
NOTES
[1] `Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear."
§ 812.13, Fla. Stat. (1975). The change of language was made by chapter 74-383, section 38, Laws of Florida.
[2] § 812.014(1), Fla. Stat. (1977).