NESBITT, Judge.
The defendant appeals his conviction of robbery and displaying a firearm during the course of a robbery. We affirm.
The victim’s testimony established that •the defendant approached the victim, pointed a gun at the victim, demanded his money, and that the victim turned over his money to the defendant. Although the defense put on no evidence, through argument the defense attempted to convince the jury that what had actually occurred on the street was a drug transaction, whereby the victim, Mr. Crabbe, had given money to the defendant for the purpose of buying marijuana for him. The jury obviously rejected the defense’s argument when it found the defendant guilty of robbery and possession of a firearm during the course of a felony.
The sole issue presented is whether fundamental error occurred because of the trial court’s failure to instruct the jury on the specific intent element of robbery.[1] There is no doubt that the intent to permanently deprive another of property is an element of robbery. See Stewart v. State, 420 So.2d 862 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 *506 (1983); Bell v. State, 394 So.2d 979 (Fla. 1981). We find, however, that the court’s failure to specifically instruct the jury on this element did not amount to fundamental- error requiring reversal in this case.
In pertinent part, the trial court instructed the jury:
It is the crime of robbery for any person to take money or other property of any value whatsoever from the person or custody of another by force, violence, or assault, or putting in fear. The essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case are that: the defendant did take from the person or immediate custody of Geoffrey Crabbe the money as described. The property was taken against the will of Mr. Crabbe. The taking was by means of force, violence, or assault, or by putting Mr. Crabbe in fear.

The taking must be by the use of force, or violence, or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so he does not resist.
What is important is that sufficient instructions be given so as to provide adequate guidance to enable a jury to arrive at a verdict based upon the law as applied to the evidence before it. State v. Bryan, 287 So.2d 73 (Fla.1973), cert. denied, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974). We find that once the jury concluded, as it obviously did under the instructions given, that the defendant had taken money from the person or custody of Mr. Crabbe against his will, by force, violence, assault or putting in fear, it is totally inconceivable and beyond all comprehension that the jury could have failed to find from the evidence that the defendant had every intent to permanently deprive the victim of the possession, use and enjoyment of the property. See Gains v. State, 417 So.2d 719, 725 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla.1983). Therefore, it cannot be said that the defendant’s right to due process— that is, an essentially fair trial — was compromised in any way by the trial court’s failure to instruct the jury on intent to permanently deprive the victim of property.[2] See Williams v. State, 400 So.2d 54(Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983).
Accordingly, finding that no fundamental error occurred, the judgment of conviction is affirmed.

. Defense counsel did not object to the instructions as given. Therefore, we need only consider whether the instructions given amounted to fundamental error or, in other words, amounted to a denial of due process. See Castor v. State, 365 So.2d 701 (Fla.1978); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed,2d 998 (1983).

. We note that the court instructed the jury that the charge of robbery included the lesser offense of larceny. Concerning the lesser-included offense of larceny, the court instructed the jury that an essential element of larceny was the intent to permanently deprive the owner of possession, use, and enjoyment of his property. See Waters v. State, 298 So.2d 208 (Fla. 2d DCA 1974) (a challenged instruction, or portion thereof, must be considered with the whole instruction or other instructions bearing on the same subject in determining whether the law was fairly presented or whether the instruction might have misled the jury).