PER CURIAM.
Appellant, Thomas Edward Hall, was convicted of first-degree murder, armed burglary, aggravated battery, attempted first-degree murder, possession of a firearm during the commission of a felony, and robbery. He raises four points on appeal; we considered all four but find merit only in one.
The point under consideration is whether the trial court erred in its jury instruction on robbery. Appellant was charged with robbery under section 812.13(2)(a), Florida Statutes (1985). The standard jury instruc *658 tion for robbery includes language that the state must establish the defendant’s intent to permanently take the property of another. The trial court relying on the 1982 amendment to the theft statute, changed that part of the instruction to read “temporarily or permanently deprive.” Appellant objected to the instruction timely.
In view of the present statutory scheme, when a person is charged with violation of section 812.014(1), Florida Statutes (1985), the theft statute, the state must prove that the accused had the intent to deprive the owner of property either temporarily or permanently. See State v. Dunmann, 427 So.2d 166 (Fla.1983) at 168 n.*. Whereas when a person is charged with violation of section 812.13, the robbery statute, the state is required to prove that the accused had the specific intent to permanently deprive the owner of property. See Vaughn v. State, 460 So.2d 505 (Fla. 3d DCA 1984). This is presently the law until changed by the legislature.
In Dunmann the supreme court pointed out that the passing of the omnibus theft, statute by the legislature had no effect on section 812.13, the robbery statute. As we read Dunmann, the robbery statute is separate and distinct from the omnibus theft act and maintains its vitality, one essential element of which is the intent to permanently deprive another of property.
After the passage of the omnibus theft statute, our sister court in Vaughn considering the robbery statute held: “There is no doubt that the intent to permanently deprive another of property is an element of robbery.” The court in Vaughn affirmed the appellant’s conviction but for reasons not pertinent here.
In light of Dunmann and Vaughn, we agree with appellant that the instruction was erroneous.
Accordingly, we reverse the judgment and sentence on the robbery count and remand for a new trial on that charge. In all other respects we affirm the appellant’s judgments and sentences.
DANAHY, C.J., SCHEB, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.