BOOTH, Judge.
This cause is before us on appeal from a judgment of conviction entered on a jury verdict of guilty of armed robbery and sentence to life imprisonment with a three-year mandatory minimum. On appeal, the issues are: first, whether the trial court erred in using appellant’s habitual offender status as the reason for departure from the sentencing guidelines recommendation of 12 to 17 years; and second, whether the court’s instruction on the intent element of robbery constituted fundamental error. We affirm appellant’s conviction, but are required to reverse his sentence and remand for resentencing due to the decision of the Supreme Court of Florida in Whitehead v. State, 498 So.2d 863 (Fla.1987).
The facts are that Jacksonville Police Officer Chamita Williams observed appellant walking along a road as she responded to a radio call that there had been a murder in the area. As the officer pulled her car over, appellant walked towards the car with something in his hand. The officer drew her gun and got out of the car as appellant rushed to the rear of the car. After raising his hands, appellant grabbed the officer’s wrist and took the gun, pointing it at her. As the officer backed away, appellant got into the marked patrol car and drove away.
Later that day, Nassau County Deputy Sheriff W.G. Dover identified the stolen patrol car exceeding the speed limit and followed it onto a road where he found the car abandoned. Appellant was apprehended after being tracked by a police dog.
The trial court exceeded the guidelines recommendation due to appellant’s qualification as a habitual offender. This was error under the holding in Whitehead, supra, wherein the Supreme Court held that habitual offender status is not an adequate reason to depart from the sentencing guidelines. In Brown v. State, 508 So.2d 776 (Fla. 1st DCA 1987), this court further ruled that conviction of a first-degree felony coupled with a habitual offender status does not require a mandatory sentence of life imprisonment under Section 775.-084(4)(a)(l), Florida Statutes. Therefore, we must reverse appellant’s sentence and remand for resentencing.
As to the second issue, the trial court charged the jury that the state had to prove appellant’s intent to “temporarily” or “permanently” deprive the robbery victim of property. The standard jury instructions do not include the word “temporarily,” and robbery requires the specific intent to permanently deprive. Bell v. State, 394 So.2d 979 (Fla.1981). In Hall v. State, 505 So.2d 657 (Fla. 2d DCA 1987), the court found reversible error in a similar instruction where the objection was preserved for appeal. In the case below, there was no timely objection. Therefore, the question is whether the erroneous instruction was fundamental error. See Castor v. State, 365 So.2d 701 (Fla.1978).
*1030 In Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), the Third District Court of Appeal held that the omission, without objection, of the intent element from a robbery instruction was harmless and not fundamental error. Williams states the error must involve a critical and disputed issue at trial, holding (400 So.2d at 544-545):
... While there are several broad references to an affirmative duty of the trial court to instruct the jury on the elements of the crime charged [citations omitted], the fact is that every such omission or misstatement which has actually been found to constitute fundamental error concerned a critical and disputed jury issue in the case....
... [W]hen it does not appear that the subject of the defective charge was an issue at the trial, our courts have repeatedly declined to reverse in the absence of timely objection....
[[Image here]]
... [S]everal courts presented with the identical issue involved here have squarely held, as we do, that the omission of the intent element from a robbery instruction is not fundamental error in the absence of a real dispute on that question.
Williams, supra, states the generally recognized rule that the omission of, or erroneous instruction with respect to, a particular element of an offense is not reversible and/or fundamental error if there was no issue with respect to such element. See Annot., 169 A.L.R. 315 (1947). In Leary v. State, 406 So.2d 1222 (Fla. 4th DCA 1981), the court affirmed the robbery conviction, holding:
We agree that failing to charge on the element of intent is prejudicial error. Bell v. State, 394 So.2d 979 (Fla.1981). We do not agree, however, that it is necessarily error of fundamental proportions. Where, as here, the evidence is clear and undisputed that property [automobile] is taken from another by the use of force and transported to another locality, the undeniable inference is that there was an intention to deprive the owner of that property. There was neither evidence nor argument raising specific intent as an issue in this case. Under such circumstances failure to instruct on intent does not amount to a deprivation of due process, (emphasis added)
The record does not indicate that appellant disputed the intent element at trial below. There was evidence that appellant did not abandon the stolen car until hours after it was stolen and only then when a deputy sheriff in another county began following him. Appellant was obviously not out for a joyride. There was neither evidence nor argument raising specific intent as an issue, and the instruction, therefore, was not error of a fundamental nature. The evidence below, in the context of the issues presented by both sides, leaves no doubt that appellant possessed the requisite state of mind.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
WENTWORTH, J., and WILLIS, BEN C., (Ret.), Associate Judge, concur.