ROBERTS, J.
The appellant, Darryl Ridgeway, appeals his judgment and sentence for one count of robbery with a deadly weapon, raising two *937 issues on appeal, only one of which merits discussion. He argues that the trial court erred in denying his motion for judgment of acquittal. We disagree and find that, in a light most favorable to the State, competent, substantial evidence supported all the elements of the charged offense such that the motion for judgment of acquittal was properly denied.
The appellant entered a gas station in the early morning hours and asked the clerk for cigarettes. The appellant asked the clerk if he was working alone, to which the clerk responded affirmatively. The appellant then demanded all the money in the cash register. After the clerk refused, the appellant took a step back, reached for his pocket, and jumped over the counter. As the appellant jumped over the counter, the clerk pulled out his personal knife. In an attempt to defend himself, the clerk lunged at the appellant twice. On the second lunge, the knife pierced and became lodged in the appellant’s back as he jumped back over the counter. The appellant proceeded toward the exit, but stopped halfway between the door and the counter. Upon stopping, the appellant pulled the knife from his back, turned with the knife in his hand, faced the clerk, and took four steps toward the clerk. Feeling defenseless and unsure of the appellant’s next move, the clerk ran out the back door and called the police. The appellant exited the store with the knife in his hand, entered his vehicle, and drove away with the knife. The appellant was charged and convicted of one count of robbery with a deadly weapon.
On appeal, the appellant argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove that he had the requisite intent to commit robbery of the knife and also failed to prove that there was a taking of the knife.
A motion for judgment of acquittal is reviewed on appeal by the de novo standard of review. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). The question presented by the motion is whether, in a light most favorable to the State, the evidence is legally adequate to support the charge. Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001). A motion for judgment of acquittal should not be granted “unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.” Id. (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). If competent, substantial evidence is presented to support the conviction, an appellate court will generally not reverse the denial of a motion for judgment of acquittal. Pagan, 830 So.2d at 803.
First, the appellant did not preserve any issue regarding the taking of the knife because he failed to present the specific legal argument to the trial court below. See Archer v. State, 613 So.2d 446, 448 (Fla.1993). The appellant concedes that his general motion for judgment of acquittal could be considered insufficient, but argues that appellate review is not precluded because the error was fundamental. See F.B. v. State, 852 So.2d 226, 230 (Fla.2003) (finding an exception to the preservation requirement where the evidence is insufficient to show that a crime was committed at all). We find no support for the appellant’s argument for error, let alone fundamental error.
For the crime of robbery, the State must prove the following elements beyond a reasonable doubt:
(1) The appellant took the knife from the person or custody of the clerk;
(2) force, violence, assault, or putting in fear was used in the course of the taking;
*938 (3) the knife had some value[1];
(4) the taking was with the intent to permanently or temporarily deprive the clerk of his right to the knife or any benefit from it or appropriate the knife of the clerk to his own use or to the use of any person not entitled to it.
See Fla. Std. Jury Instr. (Crim.) 15.1; § 812.13(1), Fla. Stat. (2011).
To prove the crime of robbery with a deadly weapon, the State must further prove that, in the course of committing the robbery, the appellant carried a deadly weapon. § 812.13(2)(a), Fla. Stat. (2011). An act will be deemed “in the course of committing the robbery” if it “occurs in an attempt to commit robbery or in flight after the attempt or commission.” § 812.13(3)(a), Fla. Stat. (2011).
As to the taking, the State presented the clerk’s testimony and evidence in the form of surveillance video footage with multiple camera angles showing that, after being stabbed, the appellant stopped, took the knife from his back, turned around, took four steps toward the clerk with the knife in his hand, and then left the store with the knife. Although the appellant took the knife out of his back rather than the clerk’s hands, property need not be in “the actual physical possession or immediate presence of the person who was robbed” for a taking to occur. Perry v. State, 801 So.2d 78, 86-87 (Fla. 2001) (citing Jones v. State, 652 So.2d 346, 350 (Fla.1995) (citation omitted)). Rather, “property is taken from the person or custody of another if it is sufficiently under the victim’s control so that the victim could have prevented the taking had [he] not been subjected to the violence or intimidation by the robber.” Pen-y, 801 So.2d at 87. Here, the clerk could have prevented the taking had he not been intimidated enough to brandish the knife for protection. As such, the taking occurred when the appellant pulled the knife from his back, turned, and took four steps toward the clerk with the knife in his hand.
The appellant argues that no taking occurred because the clerk gave him the knife, or abandoned the knife, when the clerk stabbed him and subsequently fled the store. We disagree with this argument as giving or abandonment implies that the clerk voluntarily relinquished the knife. See generally Rockmore v. State, 114 So.3d 958, 962 n. 2 (Fla. 5th DCA 2012) (“ ‘Abandonment’ of property typically refers to the voluntary relinquishment of an owner’s right.”), review granted, 116 So.3d 1262 (Fla.2013). We are hard-pressed to find that the clerk voluntarily relinquished his best defense mechanism against the appellant under the circumstances.
As to the next element that force, violence, assault, or putting in fear was used in the course of the taking, the State presented evidence that the clerk felt the need to defend his life when the appellant jumped over the counter. “In the course of a taking” is defined as an act that “occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.” § 812.13(3)(b), Fla. Stat. (2011). Here, the appellant placed the clerk in fear prior to taking the knife. Alternatively, the appellant brandished the knife and took four steps toward the clerk subsequent to taking the knife from his back, which resulted in the clerk running from *939 the store. Both instances involve a continuous series of acts between the taking and putting the clerk in fear. See Messina v. State, 728 So.2d 818, 819 (Fla. 1st DCA 1999) (stating that robbery is not limited to situations in which the defendant has used force at the precise time the property is taken).
The State also presented evidence regarding the appellant’s actions on the day of the incident and testimony at trial that indicated he intended to permanently or temporarily deprive the clerk of the knife. The intent to deprive must be shown at the time of the taking. See Bailey v. State, 199 So.2d 726, 727 (Fla. 1st DCA 1967). In Bailey, the defendant engaged the victim in an altercation, during which the defendant took the victim’s gun. Id. at 726. The defendant claimed the taking was solely to disarm the victim during the altercation, yet the defendant maintained possession of the gun for some six weeks after the altercation. Id. The jury convicted the defendant for the crime of robbery. Id. On appeal, the defendant argued there was insufficient evidence to show that he had the intent to permanently deprive the victim of his gun. Id. Essentially, this Court determined that the State may show intent by the highlighting the circumstances of the defendant’s actions prior to or after the taking. Id. at 727. Consequently, this Court affirmed the conviction because the State presented sufficient evidence and “the jury weighed the defendant’s exculpatory testimony along with the State’s evidence that the defendant retained the property for some time.... [T]he jury obviously arrived at the belief that the intent to steal was present at the time of the taking.” Id.
Here, the appellant took the knife out of his back, took four steps toward the clerk, and then left with the knife. Furthermore, the appellant testified that he had no intention of returning the knife to the clerk as he feared being stabbed again. See generally Sims v. State, 681 So.2d 1112, 1116 (Fla.1996) (finding the intent element of robbery was met when the defendant took the gun “for the purpose of escape or robbery insofar as the defendant did not leave the gun at the scene of the crime”).
Finally, the State presented evidence that the appellant carried a deadly weapon during the course of committing the robbery of the knife. “In the course of committing the robbery” is an act that “occurs in an attempt to commit robbery or in flight after the attempt or commission.” § 812.13(3)(a), Fla. Stat. (2011). Here, the appellant carried the knife after committing a robbery of said knife. See Jackson v. State, 662 So.2d 1369, 1372 (Fla. 1st DCA 1995) (“One may also be convicted of armed robbery with a deadly weapon if he or she steals the weapon in the course of a robbery.”), disapproved of on other grounds by State v. Burris, 875 So.2d 408 (Fla.2004). See also State v. Brown, 496 So.2d 194 (Fla. 3d DCA 1986) (finding sufficient proof of armed robbery where defendant assaulted convenience store clerk and took gold chains from her neck, cash from the register, and a handgun from the store before fleeing even though defendant did not point the gun at anyone).
If the appellant had stumbled out of the store with the knife still lodged in his back or threw the knife in a trash can as he left the store, our analysis may have been different. Under the facts presented, the question is not whether this Court would arrive at the same result as the jury. Rather, the question before this Court is whether there is competent, substantial evidence to support the verdict. We find the State presented competent, substantial evidence to support each element of the *940 charged crime of robbery with a deadly weapon. Accordingly, the trial court’s denial of the appellant’s motion for judgment of acquittal was appropriate.
AFFIRMED.
THOMAS, J., concurs; CLARK, J., Dissents with opinion.

. The clerk testified at trial that the knife had an approximate value of between $160 and $260.